**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EBRO REAL ESTATE HOLDINGS, LLC | ) | Judge Eugene R. Wedoff |
| | ) | |
| Debtor and Debtor in Possession. | ) | Case No. 09-10104 |
| | ) | |
| | ) | Hearing: Sept. 24, 2009 at 1:30 a.m. |

**NOTICE OF FILING**

To:   See attached service list

PLEASE TAKE NOTICE that on Sept. 23, 2009, Debtor and Debtor-in-possession Ebro Real Estate Holdings, LLC through its attorneys Forrest L. Ingram, P.C. caused to be filed a Motion in Limine for the Evidentiary Trial set for Sept. 24, 2009, a copy of which is hereby served upon you.

/s/ Forrest L. Ingram
One of Debtor's attorneys

Forrest L. Ingram, P.C.
Forrest L. Ingram #3129032
Peter L. Berk
Patrick F. Lambe
Helena Milman
Gautham Kaveti
79 W. Monroe St., Suite 900
Chicago, IL  60603
(312) 759-2838

**CERTIFICATE OF SERVICE**

I, Philip Groben, a non-attorney, certify that I caused a true and correct copy of the above and foregoing Notice and the document, to which it refers, on all parties entitled to service, by electronic filing through ECF, or by regular U.S. mail, or fax, as set forth on the attached service list, at or before on Sept. 23, 2009.

/s/Philip Groben

1

## SERVICE LIST

*Via ECF*
**U.S. Trustee**
**William T Neary**
Office of the U.S. Trustee, Region 11
219 S Dearborn St, Room 873
Chicago, IL 60604
(312) 886-5794

*Via Facsimile*
**Bank of America**
**Robert D Nachman**
Dykema Gossett PLLC
10 S. Wacker Dr.
Suite 2300
Chicago, IL 60606
312.627.2302 (fax)

**UNITED STATES BANKRUTPCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| EBRO REAL ESTATE HOLDINGS, LLC | ) | The Honorable |
| | ) |     Eugene R. Wedoff |
| | ) | |
| | ) | Case No. 09-10104 |
| Debtor. | ) | |
| | ) | Hearing Date: |
| | ) |     Sept. 24, 2009 at 1:30pm. |
| | ) | |

**MOTION IN LIMINE TO DETERMINE WHETHER BANK OF AMERICA HAS STANDING TO BRING A MOTION TO LIFT THE AUTOMATIC STAY AGASINT DEBTOR EBRO REAL ESTATE HOLDINGS, LLC.**

    NOW COMES the Debtor, Ebro Real Estate Holdings, LLC (the "Debtor"), by and through its attorneys at Forrest L. Ingram, P.C., and presents this motion in limine challenging the standing of Bank of America (the "Bank") to move to modify the automatic stay, or in the alternative, to convert the above captioned case, and states as follows.

    1. Bankruptcy courts are courts of equity. *Young v. U.S.*, 535 U.S. 43 (2002).

    2. "It is one of the fundamental principles upon which equity jurisprudence is founded, that before a complainant can have standing in court he must first show that not only has he a good and meritorious cause of action, but he must come into court with clean hands." *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240 (1933).

    3. "An obviously sensible application of [unclean hands] is to withhold an equitable remedy that would encourage or reward illegal activity." *Shondel v. McDermott*, 775 .2d 859, 868 (7th Cir. 1985).

1

4. In analogous circumstances, the bankruptcy code has codified common types of remedies to prevent parties from coming before the court with unclean hands. Under § 727(a)(2) a debtor who comes before the court with intent to hinder, delay, or defraud will not be granted a discharge. Under subsection § 727(a)(3) a debtor who has concealed, destroyed, mutilated, falsified, or failed to keep or preserve records will not be granted a discharge.

5. Under Illinois law, the doctrine of unclean hands applies if the party seeking equitable relief is guilty of misconduct, fraud or bad faith toward the party against whom relief is sought if that misconduct is connected with the transaction at issue. *See Mills v. Susanka*, 394 Ill. 439 (1946).

6. On August 26, 2009, Debtor filed an adversary complaint against Bank of America, Adv. No. 09-782 (q.v.), alleging fraud, tortious interference, and breach of privacy, and seeking injunctive relief and a determination of the extent and validity of the Bank's lien. Debtor then immediately filed a motion for injunctive relief in the adversary under Rule7065 (q.v.), attaching the complaint to the motion . The motion was presented to the Court (Judge Sonderby presiding) on September 15, 2009. Judge Sonderby continued the motion to September 24, 2009, at the same time at which she scheduled the hearing on the Bank's motion to modify the stay.

7. Judge Sonderby has already recognized the applicability of the doctrine of unclean hands to preempt a § 362(d) action and the subsequent application of *Vitreous Steel*. See *In re Robinson*, 2000 WL 1800604.

8. In *Robinson*, although the Court held there was no relation between the violation of the automatic stay by the creditor in that case and the debtor's equity in property, the Court nevertheless conducted an "unclean hands" analysis before proceeding to the merits of the

2

creditor's request for relief. *Id.* at \*6. The Court looked to the relationship between a creditor's violation of the automatic stay, and whether or not the debtor had equity in the property.

9. The *Robinson* Court stated, "Granting [creditor's] motions for relief from stay would not have the effect of encouraging or rewarding any alleged illegal actions taken by [creditor.]" *Id.* Furthermore, the *Robinson* Court recognized that the Bankruptcy Code already provides punishment for those in violation of the automatic stay. *Id.*

10. Debtor asserts that the facts in the instant case, under the analysis set forth in the *Robinson* case, would yield a different result, namely barring the creditor from pursuing its action, since the Bank is using the motion to lift stay in order to gain control of the Debtor's property which is the subject matter of Debtor's claim of fraud in the adversary.. As shown below, the facts in the instant case clearly show that the Bank's bad faith actions are directly relevant to the Debtor's equity in the property, and there is no punishment provided in the Bankruptcy Code for a creditor's filing a motion for relief with unclean hands.

11. As a result of its reliance on the Bank's misrepresentation of the facts, the Debtor acted to its detriment. In 2005 Ebro Foods, Inc. ("Ebro Foods") needed to move its operations. Ebro Foods found a suitable location; however, the Property needed to be retrofitted in order to meet USDA requirements. Ebro Foods obtained a promise from LaSalle to extend a line of credit in the amount of $1,900,000. At the time it extended the loan, LaSalle knew the Ebro Foods intended to use the loan proceeds to finance improvements to the property located at 1330 W. 43rd St., Chicago, IL 60609 (the "Property").

12. Ebro Foods entered into a lease agreement with the previous owners of the Property. LaSalle approved Ebro Food's lease (the "Lease"). The Lease gave Ebro Foods an option to purchase the Property. At no point did LaSalle disclose to Ebro Foods its interest in the

Property. LaSalle did not inform Ebro Foods of its intent to foreclose upon the then owners of the Property. LaSalle did not inform Ebro Foods of its appointment of Allied Capital as a receiver to foreclose on the owners of the Property.

13. Ebro Foods moved into the Property and began the retrofit to improve the Property to meet USDA requirements. LaSalle delayed granting the promised line of credit, and Ebro Foods used its own cash to fund the retrofit of the Property. Three months after Ebro Foods moved into the Property, it was given notice of LaSalle's foreclosure.

14. Not only did Allied Capital not honor Ebro Food's option to buy the Property, it also intended to also raise Ebro Food's rent. LaSalle refused to honor its promise to lend $1,900,000 to Ebro Foods, originally promised for plant retrofit. LaSalle claimed that the USDA improvements made by Ebro Foods now belonged to Allied Capital, and therefore Ebro Foods had no collateral with which to secure the loan.

15. Ebro Foods, having exhausted the cash reserves of its owners in the plant retrofit and unable to afford a rent increase, offered to purchase the Property for $3,300,000. Upon LaSalle's urging, the principals of Ebro foods and other investors formed the Debtor herein (Ebro RE) to purchase the Property. The Bank then offered to lend the entities up to $5,000,000 which was to be guaranteed by the Small Business Administration. The Debtor signed a promissory note with the Bank in the amount of $2,450,000 in order to purchase the Property, already improved by Ebro Foods, from the prior defaulting owner.

16. On March 4, 2009 the Bank had an appraisal completed of the Property. The appraisal indicated that the value of the Property was anywhere between $4,200,000 and $4,400,000. A copy of the appraisal has been filed with the clerk of the Court as Docket Nos. 74 and 75. Yet in its motion to lift stay, the Bank asserts that it had no idea of the value of the Property. *See*

4

Motion of Bank of America for Entry of an Order to Modify the Automatic Stay or, in the Alternative, to Convert the Case at ¶ 14. Such facts suggest that the Bank is again acting fraudulently in an attempt to seize the Debtor's Property, making use of false or misleading assertions, and to hold the Property until the Bank can realize a windfall profit from its actions.

## CONCLUSION

Debtor Ebro Real Estate Holdings, LLC has been injured by the fraud and tortious interference of the Bank, as alleged in Adversary No. 09-782. Thus, the Bank comes to this court of equity, seeking relief with unclean hands. Debtor asks this court to rule that a determination of whether the Bank comes to this court with unclean hands must be preliminary to its consideration of allegations set forth in the Bank's motion to lift stay. The Bank's actions have an immediate and necessary relation to the equitable remedy being sought by the Debtor. Therefore, the Bank should be temporarily enjoined from proceeding with its Motion for Relief form the Automatic Stay, until such time as this Court determines upon an evidentiary hearing, whether the bank should be permanently enjoined from pursuing its motion for relief from the automatic stay. If the Court feels bound by the 30-day hearing provision related to motions for relief from stay, the Court should, in the alternative, immediately dismiss without prejudice the Bank's Motion for Relief from the Automatic Stay.

    Respectfully submitted,

    EBRO REAL ESTATE HOLDINGS, LLC.

    By:

    /s/ Forrest L. Ingram
    One of Debtor's attorneys

Forrest L. Ingram, #3129032
Patrick F. Lambe
FORREST L. INGRAM, P.C.
79 W. Monroe, Suite 900

Chicago, IL 60603
(312) 759-2838