**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| EBRO REAL ESTATE HOLDINGS, LLC | ) The Honorable Eugene R. Wedoff |
| | ) |
| Debtor. | ) Case No. 09-10104 |

**BANK OF AMERICA'S RESPONSE TO DEBTOR'S MOTION IN LIMINE
TO DETERMINE WHETHER BANK OF AMERICA HAS STANDING TO
BRING A MOTION TO LIFT THE AUTOMATIC STAY AGAINST
DEBTOR EBRO REAL ESTATE HOLDINGS, LLC**

Bank of America (the "Bank") files this response (the "Response") to EBRO Real Estate Holdings, LLC's (the "Debtor") Motion in Limine (Docket No. 83) (the "Motion in Limine"). In short:

**I.    This Court Has Already Decided The Arguments Set Forth In The Motion In Limine And The Debtor Should Be Estopped From Continuing To Assert Such Arguments**

The Debtor presented the first incarnation of its unclean hands argument in its motion (Docket No. 56) (the "Motion to Stay") to stay any hearing on the Lift Stay Motion. At a hearing on the Motion to Stay on August 25, 2009, this Court rejected the Debtor's unclean hands argument, holding as follows:

> there is no way I can indefinitely stay a hearing on a motion for relief from stay. Section 362(e) requires a preliminary hearing at least to be held within 30 days, and there is no way that by motion of the debtor I can contradict a provision of the Bankruptcy Code…the Vitreous Steel case out of the Seventh Circuit makes it plain that the issues that are supposed to be determined in a motion for relief from stay as to collateral are limited to adequate protection, equity, and necessity for an effective reorganization. So a question about whether the creditor has engaged in misconduct which would cause them to have unclean hands is not an issue that can be determined in connection with a motion for relief from stay.

Transcript of August 25, 2009 Hearing, attached hereto as Exhibit A, at pg. 1, lines 9-25A.

Judge Sonderby rejected a second invitation to stop the hearing, when she scheduled the instant hearing in the face of Debtor's arguments to the contrary.

## II. The Debtor Has Released The Bank From The Fraud Claim Which The Debtor Asserts Demonstrates The Bank Has Unclean Hands

The Debtor argues that the Court cannot hold a hearing on the Bank's motion to modify the automatic stay (Docket No. 61) (the "Lift Stay Motion") because the Bank has unclean hands stemming from happenings surrounding the inception of the Bank's loan to Debtor in 2005. Even if the claim had any colorable merit, which it doesn't, the Debtor released the Bank from all claims in a 2008 forbearance agreement ("Forbearance Agreement"), attached hereto as Exhibit B. The Forbearance Agreement states, in pertinent part:

> To induce Bank to enter into this letter agreement, Borrower hereby releases, acquits, and forever discharges Bank, and its officers, directors, agents, employees, successors, and assigns, from all liabilities, claims, demands, actions, or causes of action of any kind (if any there be), whether absolute or contingent, due or to become due, disputed or undisputed, liquidated or unliquidated, at law or in equity, or known or unknown, that any one or more of them now has or, prior to the date hereof, ever have had against Bank, whether arising under or in connection with any of the Loan Documents or otherwise. Borrower represents and warrants to Bank that such Loan Party has not transferred or assigned to any Person any claim, demand, action or cause of action that such Borrower has or ever had against Bank.

Based on this release alone, the Motion in Limine should be denied, because the Bank has a complete defense to the Debtor's unclean hands argument.

## III. The Debtor Has Not Cited A Single Case Suggesting The Court Should Delay A Hearing On The Lift Stay Motion.

Beyond the other valid and preclusive arguments set forth above, it should be further noted that the cases cited by the Debtor do not support its contentions. Not a single one delayed a hearing on a motion for relief from the automatic stay based on unclean hands of the creditor. Judge Sonderby's dicta in *In re Robinson*, 2000 WL 1800604, where she *refuses* to stop a lift

2

stay proceeding, is unhelpful as well. In denying relief, Judge Sonderby stated that that the Debtor's unclean hands argument was irrelevant to "whether the Debtor has equity in the property or whether the property is necessary to an effective reorganization." Robinson, Slip op. at 5. This is equally true here. The activities of 2005, whatever their effects, have nothing to do with *whether* there's equity in the property, which there clearly isn't, or *whether* the property is necessary for an effective reorganization, which it clearly isn't. In this case, as Judge Wedoff and Judge Sonderby have both recognized, a hearing on the Lift Stay Motion must be held.

### IV. The Debtor's Unclean Hands Argument Is Preposterous.

In essence, the Debtor alleges that the Bank somehow took advantage of Ebro Foods by loaning it too much money. Though the Debtor conclusorily alleges that the Bank reneged on several promises in 2005 which set in motion the Debtor's inevitable destruction, the Ebro Foods apparently decided not to raise any of these arguments at the time, or sue to vindicate any of its allegedly trampled upon rights. Instead, it formed the Debtor, which borrowed the money offered, purchased the property, and allows Ebro Foods to operate in it to this very day. Now, faced with its sister company's failing business, the Debtor is trying to blame it all on the Bank.

All of this happened in 2005, and the Debtor hopes that conclusory assertions and innuendo about the past will allow it to suggest a cause of action that isn't there. However, the Debtor helpfully gives the Court a present day opportunity to understand the careful and measured nature of its advocacy – it asserts in its Motion in Limine that the Bank, and by extension the undersigned counsel, *is acting fraudulently in this very case, before this very Court!*

> 16. On March 4, 2009 the Bank had an appraisal completed of the Property. The appraisal indicated that the value of the Property was anywhere between $4,200,000 and $4,400,000. A copy of the appraisal [voluntarily produced by the Bank's lawyers] has been filed with the clerk of the Court

3

as Docket Nos. 74 and 75. Yet in its motion to lift stay, the Bank asserts that it had no idea of the value of the Property. [The actual statement, from paragraph 10 of the Lift Stay Motion is, "The value of the Property is unknown. The Debtor's Plan and Disclosure Statement, filed with the Court on July 13, 2009 ("Plan" and "Disclosure Statement", respectively), values the Property at $1,400,000."] Such facts suggest that the Bank is again acting fraudulently in an attempt to seize the Debtor's Property, making use of false or misleading assertions, and to hold the Property until the Bank can realize a windfall profit from its actions.

Welcome to the Debtor's wild world of reckless assertions, where, if you are in possession of an appraisal, it is fraudulent to assert that the value of the property is unknown, and where banks actually set out to foreclose on properties to hold them in hopes of making windfall profits.

WHEREFORE, the Bank respectfully requests the entry of an order denying the Motion in Limine, and granting such further relief as the Court may deem appropriate.

Dated: September 24, 2009

Respectfully submitted,

**BANK OF AMERICA**

By: /s/ Robert D. Nachman
ROBERT D. NACHMAN (#6185804)
MORGAN M. SMITH (# 6287435)
DYKEMA GOSSETT PLLC
10 S. Wacker Dr., Suite 2300
Chicago, Illinois 60606
Telephone: (312) 876-1700
Facsimile: (312) 876-1155
rnachman@dykema.com
mmsmith@dykema.com

CHICAGO\2773687.3
ID\MMSM - 074925/0209