**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| EBRO REAL ESTATE HOLDINGS, LLC | ) | The Honorable Eugene R. Wedoff |
| | ) | |
| Debtor. | ) | Case No. 09-10104 |
| | ) | |
| | ) | Hearing Date: October 8, 2009 at 9:30 a.m. |

**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM OF BANK OF AMERICA, N.A.**

Bank of America (the "Bank") hereby files its response (the "Response") to EBRO Real Estate Holdings, LLC's (the "Debtor") Objection to Claim of Bank of America, N.A. Under Rule 3007, Including Affirmative Defenses and Counterclaim Brought Under Rule 7001 (Docket No. 55) (the "Objection"). In support of the Response, the Bank respectfully states as follows:

**Summary of Argument**

1. The majority of the Objection rests on the Debtor's mistaken belief that the Objection constituted a counterclaim under Bankruptcy Rule 7001, which it does not. The Court notified the Debtor of this fact at a hearing on August 25, 2009; therefore, paragraph 6 of the Objection, which alleged deficiencies in the proof of claim (Claim No. 3) (the "Claim") filed by the Bank against the Debtor, is the only remaining portion of the Objection requiring a response. In short, paragraph 6 of the Objection is baseless because it seeks supporting documents which the Bank either (a) filed with other pleadings prior to the Objection, or (b) has since provided to the Debtor. The Objection should be denied, accordingly.

**Background**

2. The Bank, as successor by merger to LaSalle Bank National Association ("LaSalle"), made certain loans and financial accommodations to the Debtor to, *inter alia*, fund the Debtor's pre-petition purchase of certain real property (the "Property") pursuant to that

CHICAGO\2782730.1
ID\MMSM - 074925/0209

certain Promissory Note in the amount of $2,450,000.00 dated as of August 31, 2005 (as amended and restated, the "Note").

3. As security for its obligations under the Note, the Debtor entered into (i) that certain Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing dated as of August 31, 2005 (the "Mortgage Agreement"), and (ii) that certain Assignment of Rents and Leases dated as of August 31, 2005 (the "Assignment of Rents"; together with the Mortgage Agreement, the "Loan Documents").

4. The Bank perfected its interests under the Loan Documents by recording said documents with the Cook County Recorder of Deeds on September 7, 2005.

5. On August 18, 2009, the Bank filed a motion (Docket No. 61 in the Case) (the "Lift Stay Motion") for relief from the automatic stay with respect to the Property or, in the alternative, to convert the bankruptcy case.

6. On August 22, 2009, the Debtor filed the Objection, in an apparent attempt to delay or otherwise combat the Lift Stay Motion.

7. On August 25, 2009, the Court held an initial hearing on the Lift Stay Motion. At that hearing, the Court advised the Debtor's counsel that the Objection incorrectly relied on a previous incarnation of Bankruptcy Rule 3007(a) in concluding that the Objection became an adversary proceeding due to the affirmative defense and counterclaims set forth therein.

8. On August 26, 2009, the Debtor filed a complaint against the Bank, commencing an adversary proceeding (the "Adversary Proceeding"), alleging the same wrongdoings as those set forth in the Objection.

9. On September 30, 2009, the Court entered an order (Docket No. 98) partially granting the Lift Stay Motion, granting the Bank relief from the automatic stay with respect to the Property.

**Relief Requested**

10. By this Response, the Bank requests entry of an order denying the Objection.

**Argument**

11. As set forth above, the Objection is mostly comprised of the procedurally incorrect assertion of claims against the Bank. As stated by the Court at the August 25, 2009 hearing, those allegations were not properly included in the Objection. The Debtor subsequently commenced the Adversary Proceeding, rendering the affirmative defenses and counterclaims set forth in the Objection not only improper, but also moot.

12. Paragraph 6 of the Objection alleges that the Claim should be stricken because: (i) the Claim does not include any documents containing the signature of an authorized agent of the Debtor; (ii) the Claim does not include documents setting forth the terms of the indebtedness (the "Indebtedness") from the Debtor to the Bank; (iii) the Claim does not include documents establishing the secured nature of the Claim; (iv) the Claim does not include any documents establishing that the Claim is perfected; (v) the Bank failed to provide documents supporting that the Bank is a successor to the Claim by merger with LaSalle; (vi) the Claim does not provide a basis for calculating the present principal and interest allegedly due; and (vii) the Claim does not include documents accounting for payments made against the account by the Debtor. (Objection, ¶ 6(a)-(g)).

13. These arguments are entirely disingenuous. The Claim clearly states, both on its face, as well as on the addendum thereto, that the underlying documents supporting the Claim

"are voluminous, and are available upon request to the Bank's counsel."  The Debtor's counsel never made any request for supporting documentation to the Bank's counsel; instead, the Debtor's counsel simply filed the Objection in reaction to the Lift Stay Motion.

14.     Of course, the real reason why the Debtor's counsel never requested documentation from the Bank is that the Debtor already had the documentation, and has no real basis for disputing the Claim.  The Loan Documents were attached to the Lift Stay Motion, which was filed prior to the Objection.  The Loan Documents (a) are executed by the Debtor's principal, (b) establish the terms of the Indebtedness, (c) establish the basis for the secured status of the Claim, and (d) establish the perfection of the Bank's Claim.  (Objection, ¶ 6(b), (c), (d), and (e)).  Thus, four of the Debtor's seven purported concerns were already directly addressed prior to the filing of the Objection.

15.     With respect to whether the Bank is a successor by merger to LaSalle (Objection ¶ 6(a)), the Bank submits that (a) the Court has already implicitly determined this to be so by granting the Lift Stay Motion, and (b) it is, again, quite disingenuous for the Debtor to insinuate it does not know whether the Bank is the true holder of the Note, given that the Debtor has been making payments to the Bank ever since its merger with LaSalle, and the merger is a matter of common knowledge, both the to Debtor, as well as to the general public.  This is not a valid basis for objecting to the Claim.

16.     The Debtor further objects to the Claim because the Claim purportedly fails to provide a basis for calculating the present principal and interest included in the Claim.  (Objection ¶ 6(f)).  First, the addendum attached to the Claim specifically itemizes interest and charges.  Moreover, the Bank submitted a loan balance printout, as of September 14, 2009, as an exhibit at the evidentiary hearing held on the Lift Stay Motion.  That printout lists both interest

4

and late charges included in the Indebtedness. The Debtor did not object to the loan balance printout at the time, and the Bank remains willing to provide an updated copy thereof to the Debtor. This does not constitute a valid objection to the Claim.

17. Finally, the Debtor objects to the Claim for its failure to include documents accounting for payments "made against the account by the Debtor". (Objection ¶ 6(g)). The Debtor cites no authority for this objection, and the Bank does not believe any exists. The Bank recognizes that the Debtor has made certain payments on account of the Indebtedness. The Bank respectfully submits that if the Debtor wishes to dispute the amount of the Claim based on prior made payments, it has failed to properly do so in the Objection.

WHEREFORE, the Bank respectfully requests the entry of an order (i) denying the Motion, and (ii) granting such other relief as may be appropriate.

Dated: October 6, 2009                                    Respectfully submitted,

**BANK OF AMERICA**

By: /s/ Morgan M. Smith
ROBERT D. NACHMAN (#6185804)
MORGAN M. SMITH (# 6287435)
DYKEMA GOSSETT PLLC
10 S. Wacker Dr., Suite 2300
Chicago, Illinois 60606
Telephone: (312) 876-1700
Facsimile: (312) 876-1155
rnachman@dykema.com
mmsmith@dykema.com