**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) |
| EBRO REAL ESTATE HOLDINGS, LLC | ) The Honorable Eugene R. Wedoff |
| | ) |
| Debtor. | ) Case No. 09-10104 |
| | ) |
| | ) Hearing Date: November 18, 2009 at 10:00 a.m. |

**RESPONSE IN PARTIAL SUPPORT OF MOTION OF UNITED STATES TRUSTEE
TO CONVERT OR DISMISS CASE**

Bank of America (the "Bank") hereby files its response (the "Response") in partial support of the Motion (the "Motion") of United States Trustee to covert or dismiss the above-captioned bankruptcy case (the "Case") of EBRO Real Estate Holdings, LLC (the "Debtor"). In support of the Response, the Bank respectfully states as follows:

**Summary of Argument**

1.  The Motion seeks to convert or dismiss the Case pursuant to section 1112 of title 11 of the United States Code (the "Bankruptcy Code"), based on the fact that the Court has granted the Bank relief from the automatic stay with respect to the Debtor's sole asset. The Motion is styled in the alternative, either for a dismissal of the Case, or for conversion of the Case. The Bank supports the Motion, but respectfully submits that the Court should convert the Case, rather than dismiss it, as conversion is in the best interest of the Debtor's creditors.

**Background**

2.  The Bank, as successor by merger to LaSalle Bank National Association, made certain loans and financial accommodations to the Debtor to, *inter alia*, fund the Debtor's pre-petition purchase of certain real property (the "Property") pursuant to that certain Promissory

Note in the amount of $2,450,000.00 dated as of August 31, 2005 (as amended and restated, the "Note").

3. As security for its obligations under the Note, the Debtor entered into (i) that certain Mortgage, Security Agreement, Assignment of Rents and Leases and Fixture Filing dated as of August 31, 2005 (the "Mortgage Agreement"), and (ii) that certain Assignment of Rents and Leases dated as of August 31, 2005 (the "Assignment of Rents"; together with the Mortgage Agreement, the "Loan Documents").

4. The Bank perfected its interests under the Loan Documents by recording said documents with the Cook County Recorder of Deeds on September 7, 2005.

5. On August 18, 2009, the Bank filed a motion (Docket No. 61) (the "Lift Stay Motion") for relief from the automatic stay with respect to the Property or, in the alternative, to convert the bankruptcy case.

6. On August 26, 2009, the Debtor filed a complaint (the "Complaint") against the Bank, commencing an adversary proceeding. The Bank has since moved to dismiss the Complaint, and the Debtor has not responded, despite its Court-imposed deadline to do so already having passed.

7. On September 30, 2009, the Court entered an order (Docket No. 98) partially granting the Lift Stay Motion, granting the Bank relief from the automatic stay with respect to the Property.

**Relief Requested**

8. By this Response, the Bank requests entry of an order converting the Case.

**Argument**

9. The Bank prefers the Case be converted, rather than dismissed, for several reasons. First, a chapter 7 trustee may agree to sell the Property pursuant to section 363 of the Bankruptcy Code, which would save the Bank the time and expense of a lengthy foreclosure process. Second, conversion will prevent the Debtor from engaging in delay tactics such as re-filing for bankruptcy. Third, the appointment of a chapter 7 trustee will allow for the orderly collection of any rents arising from the Property. Finally, it would be beneficial for a disinterested party, such as a chapter 7 trustee, to review any potential causes of action the Debtor's estate may posses including, but not limited to, those set forth in the Complaint.

10. For the reasons set forth above, the conversion of the Case, rather than dismissal, is in the best interest of the Debtor's creditors. *See In re Superior Siding & Window, Inc.*, 14 F.3d 240, 243 (4th Cir. 1994) ("the inquiry for [best interest of creditors and the estate] cannot be completed without comparing the creditors' interests in bankruptcy with those they would have under state law"); *In re Rey*, 2006 WL 2457435, at *9 (finding conversion superior to dismissal because conversion would allow a trustee to liquidate remaining property and determine whether estate should pursue causes of action), citing *In re Clark*, 1995 WL 495951, at *4-6 (N.D. Ill. 1995) (interest of single largest secured creditor "is probably sufficient to warrant conversion without regard to the other unsecured creditors"), citing *In re Staff Investment Co.*, 146 B.R. 256, 262 (Bankr. E.D. Cal. 1992) ("It is not necessary that the interest of every creditor actually favor conversion...[t]he interest of a single creditor with a large enough claim will suffice").

CHICAGO\2815686.1
ID\MMSM - 074925/0209

WHEREFORE, the Bank respectfully requests the entry of an order (i) converting the Case, and (ii) granting such other relief as may be appropriate.

Dated: November 17, 2009

Respectfully submitted,

**BANK OF AMERICA**

By: /s/ Morgan M. Smith
ROBERT D. NACHMAN (#6185804)
MORGAN M. SMITH (# 6287435)
DYKEMA GOSSETT PLLC
10 S. Wacker Dr., Suite 2300
Chicago, Illinois 60606
Telephone:  (312) 876-1700
Facsimile:  (312) 876-1155
rnachman@dykema.com
mmsmith@dykema.com

CHICAGO\2815686.1
ID\MMSM - 074925/0209